UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MELODY LEE

                                    Plaintiff,

        v.                                                    Civil Action No. _____

HUNTER WARFIELD, INC.

                                    Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

4. Plaintiff Melody Lee  is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Hunter Warfield Inc. ("Hunter") is a foreign business corporation organized and existing under the laws of the State of Maryland and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8.  All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9.  That the Plaintiff and her husband began receiving calls from the Defendant in regard to a debt allegedly incurred by Plaintiff and her husband for past rent relative to a prior residence  This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That the Plaintiff and her husband thereafter allegedly defaulted on the subject debt.

12. That upon information and belief Defendant, sometime after the alleged default was employed by the current creditor and began to collect on the subject debt.

13. That on or about 2022, Defendant began contacting the Plaintiff's husband in regards to the subject debt.

14. That on or about April 25 2023, Plaintiff's husband informed the Defendant that they were paying the debt through a payment arrangement in place that was facilitated by, Cambridge Credit Counseling Corp,  a third party entity who was paying the creditor on behalf of Plaintiff and her husband.

15. Plaintiff's husband then instructed the Defendant to not contact him or his wife relative to this debt since they were consistently making monthly payments towards the alleged debt and therefore there was no reason to contact either of them.

16. The Defendant responded by stating that they would note the file and that they would not contact them as long as payments were being made.

17. Despite Plaintiff's husband instructing the Defendant to not contact them since the debt was being paid, the Defendant continued to contact the Plaintiff on her cellular phone.

18. That the Defendant called the Plaintiff and left voice messages while she was at her place of employment on June 27, 2023, July 11, 2023, September 12, 2023 and October 3, 2023 in an attempt to collect the alleged subject debt.

19. That during the above time periods when Plaintiff received the calls from the Defendant, Plaintiff and her husband were current on their monthly payments relative to the aforementioned payment arrangement with the creditor for the alleged subject debt.

20. The above-described collection conduct by Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal

communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

21. These collection actions taken by Defendant, and the collection employees employed by Defendant, were made in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of those laws cited herein.

22. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

23. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

24. Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

25. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

26. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25 above.

27. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692c(a)(1), 15 U.S.C. §1692d, and 15 U.S.C. §1692f by contacting Plaintiff and leaving her voice messages in an attempt to collect the alleged subject debt after being instructed to not contact Plaintiff relative to this debt since the debt was being paid through a monthly payment plan and therefore there was no reason to contact Plaintiff.

   B. Defendant violated 15 U.S.C. §1692c(a)(3) by calling the Plaintiff while she was at her place of employment despite being instructed to not contact Plaintiff relative to this debt since the debt was being paid through a monthly payment plan and therefore there was no reason to contact Plaintiff.

   C. Defendant violate 15 U.S.C. §1692e and 15 U.S.C. §1692e(10) by calling the Plaintiff despite previously indicating that they would not call her as long as the debt was being paid per the payment arrangement with the creditor.

28. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 10, 2024

/s/ Seth J. Andrews, Esq.
Seth J. Andrews, Esq.
The Andrews Firm
*Attorney for the Plaintiff*
43 Court St., Suite 810
Buffalo, NY 14202
(716) 906-8685
Email:sandrews@theandrewsfirm.com